IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-01746-KAS

KANWALJEET SINGH,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility,
DAVID VENTURELLA,[1] in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security, and
TODD BLANCHE, in his official capacity as Attorney General of the United States,

     Respondents.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on the Verified Petition for Habeas Corpus [#1] (the "Petition"), which was filed by Kanwaljeet Singh ("Petitioner").[2] The Court ordered Respondents to show cause within five days of service why the Petition should not be granted. *Order to Show Cause* [#4]. Respondents filed an Answer [#9] (the "Response"), and Petitioner filed a Reply [#10]. The Court has reviewed the briefs, the entire case file, and the applicable law. For the reasons set forth below, the Court **ORDERS** that the Petition [#1] be **GRANTED in part**.

---

[1] Petitioner names Todd M. Lyons as the Acting Director of U.S. Immigration and Customs Enforcement. Mr. Venturella is automatically substituted in Mr. Lyons' place pursuant to Fed. R. Civ. P. 25(d).

[2] This case has been referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c), on consent of the parties. *See* [#12, #13].

### I.    Background

Petitioner, Kanwaljeet Singh, a citizen of India and a noncitizen of the United States, has been in immigration detention since approximately April 22, 2026. *Petition* [#1] ¶¶ 2, 4. At the time of the Petition's filing, Petitioner was detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id*. ¶ 14.

Petitioner states that he entered the United States on August 26, 2022. *Id*. ¶ 2. Petitioner was detained when he entered the United States but was released on his own recognizance shortly thereafter. *Id*. Petitioner does not appear to have been arrested, apprehended or detained at any other time after he entered the United States or before his April 22, 2026 detention, nor has he otherwise ever been charged with any crime. *See generally Petition* [#1]; *Response* [#9]. Petitioner states that he has not been provided with a bond hearing. *Petition* [#1] ¶ 8. He also states that he was arrested without a warrant specifically for his arrest. *Id*. ¶¶ 4-6.

The Government purports to detain Petitioner under 8 U.S.C. § 1225(b). *Response* [#9] at 2. Petitioner's assertion of unlawful detention rests on five arguments: (1) Respondents have violated his Fifth Amendment procedural due process rights, *see Petition* [#1] ¶¶ 54-62; (2) Respondents have violated his Fifth Amendment substantive due process rights, *see id*. ¶¶ 63-70; (3) the Government's application of § 1225(b) in his case violates the Immigration and Nationality Act because Petitioner is instead entitled to a bond hearing under § 1226(a), *see id*. ¶¶ 71-76; (4) Respondents unlawfully seized him in violation of the Fourth Amendment, *see Petition* [#1] ¶¶ 77-89; and (5) Respondents' application of § 1225(b) is arbitrary and capricious in violation of the Administrative Procedures Act. *See Petition* [#1] ¶¶ 90-97. Petitioner has sued Juan Baltazar, the

Warden of the Denver Contract Detention Facility; David Venturella, the Acting Director for Immigrations and Customs Enforcement ("ICE"); Markwayne Mullin, the Secretary of the Department of Homeland Security; and Todd Blanche, the Acting United States Attorney General. *Id*. ¶¶ 15-18. Each individual defendant is sued in his official capacity. *Id*.

This matter is ripe for disposition. No party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## II.    Legal Standard

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## III.    Analysis

Petitioner's procedural due process claim turns on whether Respondents may properly detain him pursuant to § 1225(b)(2)(A), such that he is not entitled to a bond

3

hearing. The Court summarizes the relevant statutory framework before turning to the issues raised in the Petition.

**A.    Statutory Framework**

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)-(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen) (emphasis added). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of [a noncitizen] who is an applicant for admission, if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained" pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A) (emphasis added). Under § 1225(a)(1), an "applicant for admission" is

> [A noncitizen] present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including [a noncitizen] who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297) (other citations omitted).

## B.    Application

Respondents cursorily argue that § 1225(b)(2)(A) requires Petitioner's detention and, therefore, he is not entitled to a bond hearing. *Response* [#9] at 2-5. As Respondents acknowledge, "[t]he central legal issue presented in this case concerns whether a noncitizen who is present in the United States and has not been admitted is subject to mandatory detention by [ICE] under 8 U.S.C. § 1225(b), or whether such a noncitizen is entitled by § 1226(a) to seek a bond hearing." *Id*. at 2. As Respondents further acknowledge, however, "[t]his issue is not materially different from an issue this Court has resolved in a prior recommendation in another case[,]" *id*.; namely, the recommendation in *Kumar v. Lyons et al.*, 26-cv-00913-NYW-KAS. And Respondents further acknowledge that "until the Tenth Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision[.]" *Response* [#9] at 3. Moreover, Respondents have cited no binding authority in perfunctorily arguing that the Court should reconsider its prior ruling.

The Court agrees with Respondents that the analysis in the Court's *Kumar* recommendation also governs here. And Respondents have provided no reason to revisit that ruling. Moreover, the Court notes that the *Kumar* recommendation has since been

5

adopted by the presiding District Judge in full. The Court therefore refers the parties to its analysis in *Kumar*, finding that the due process analysis provided in that case also applies here. Accordingly, Petitioner is entitled to, at minimum, a bond hearing because his continued detention without a bond hearing violates his due process rights.

**C.    Appropriate Remedy**

Although Petitioner's arguments primarily reflect the idea that he should receive a bond hearing pursuant to § 1226, in his Prayer for Relief, Petitioner instead requests that he be immediately released and only requests a bond hearing in the alternative. *See Petition* [#1] ¶¶ 62, 70; Prayer for Relief, *Petition* [#1] at 17. In his Petition [#1], Petitioner does not specifically address why this Court should release him immediately instead of granting him a bond hearing. However, in his Reply [#10], Petitioner argues for immediate release because he was deprived due process at the time of his arrest due to his warrantless arrest by ICE agents, without probable cause, and without any advance notice that his release would be revoked. *See Reply* [#10] at 8-12.

In turn, Respondents argue that "the appropriate relief [here] is for the Court to direct a bond hearing be conducted pursuant to § 1226(a) before an immigration judge" and that the Court "should not order immediate release" because other courts in this District have instead awarded bond hearings in this context. *See Response* [#9] at 4.

The Court agrees with Respondents that, as explained in *Kumar*, § 1226(a) generally "'does not require release,' but instead 'provides DHS the discretion to grant [a noncitizen] release on bond[.]" *Kumar*, 26-cv-00913-NYW-KAS, *Recommendation* [#23] at 9 (quoting *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025)). Moreover, the Court finds no support for Petitioner's implicit

assertion in his Reply [#10] that the ICE agents who arrested him were not permitted to do so absent advance notice. However, the Court agrees with Petitioner that "issuance of a warrant, as well as detention pursuant to it, is a condition that must be satisfied in order to justify discretionary detention under § 1226(a)" in the first place. *Garcia Cortes*, 2025 WL 2652880, at *4; *see also, e.g.*, *Singh v. Bondi*, No. 26-cv-43-J, 2026 WL 483651, at *12 (W.D. Okla. Feb. 12, 2026) (concluding that a warrantless arrest was improper, meriting petitioner's immediate release, because "under § 1226(a), a noncitizen may only be arrested and detained '[o]n a warrant issued by the Attorney General.'"), *report and recommendation adopted*, 2026 WL 483482 (W.D. Okla. Feb. 20, 2026); *Morelos Valdovinos v. Noem*, No. 26-cv-0338 JB/DLM, 2026 WL 948285, at *5-7 (D.N.M. Apr. 8, 2026) (concluding that the respondents' failure to establish either a warrant's existence or that a statutory exception applied warranted a petitioner's immediate release). Here, the Court finds that Respondents have failed to establish that they have satisfied that condition.

However, the Court will grant Respondents a final opportunity to show that they have detained Petitioner pursuant to a warrant. The Court orders Respondents to provide Petitioner with a bond hearing before an immigration judge, who "is better suited [than this Court] to consider whether Petitioner poses a flight risk and a danger to the community." *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025). At this bond hearing, Respondents must also "bear the burden of showing that Petitioner was detained pursuant to a warrant in order to justify his initial and continued detention." *Garcia Cortes*, 2025 WL 2652880, at *5 (imposing this requirement instead of immediately releasing petitioner where respondents failed to show

that they had detained petitioner pursuant to a warrant). If Respondents fail to make this showing, Respondents must release Petitioner immediately without requiring him to post bond.

Finally, the court notes that at the bond hearing, Respondents will bear the burden of proof by clear and convincing evidence. *Kumar*, 26-cv-00913-NYW-KAS, *Recommendation* [#23] at 9-10 (joining other courts in this district concluding that in this context, the government bears the burden of proof by clear and convincing evidence).

### IV.    Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Petition [#1] be **GRANTED in part**.

IT IS FURTHER **ORDERED** that Respondents shall provide Petitioner a bond hearing no later than **June 3, 2026**. At the bond hearing, the Government shall bear the burden of proving, by clear and convincing evidence, that Petitioner's continued detention is justified. The Government shall also bear the burden of proving, by clear and convincing evidence, that Petitioner was detained pursuant to a warrant. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**.

IT IS FURTHER **ORDERED** that, on or before **June 8, 2026**, Respondents shall file a status report concerning (1) the results of any bond hearing that was conducted, including any findings as to whether Petitioner was detained pursuant to a warrant, or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

Dated: May 26, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge